■ In the Matter of WILLIE WARD, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 28, 1981 in Albany County, which dismissed petitioner's application,

in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Parole denying him parole release. Petitioner, while on probation following a burglary conviction, was convicted of manslaughter in the second degree wherein an elderly victim was strangled to death. He was sentenced to a term of from 0 to 15 years imprisonment. Within five years, petitioner was released on parole. Less than two years later, on May 2, 1978, petitioner pleaded guilty to burglary in the second degree which charge arose out of an apartment break-in wherein two elderly persons were allegedly assaulted and robbed. As a consequence of this plea, he was sentenced to a 3½ to 7-year term to run concurrently with his manslaughter sentence. Since the sentences were concurrent, petitioner was immediately eligible for parole. In September of 1978, he was denied parole and ordered held for two years before reconsideration. The board cited as reasons the fact that he was on parole supervision at the time of the instant offense, that he had "a serious record" and was "in further need of structured programming to prepare for your entry into society." He was again considered for parole in September of 1980. In denying him parole, the board referred to the seriousness of petitioner's offenses as well as his past criminal history. Petitioner's appeal to the parole appeals unit was decided against him. This proceeding for CPLR article 78 review followed. Special Term dismissed the petition and this appeal ensued. Petitioner argues that on his 1980 parole review the board was precluded from considering his criminal record and could only consider the factors set forth in 9 NYCRR 8002.3 (b) since he contends the guidelines in 9 NYCRR 8002.3 (b) had been once applied in his 1978 parole denial. We disagree. The judgment of Special Term should be affirmed. Petitioner misconstrues the effect of the above-cited rule. Further, his MPI was not set pursuant to the application of 9 NYCRR 8002.3 (b). Our decision in *Matter of Marturano v Hammock* (87 AD2d 732) clearly controls the issues raised in this proceeding. The board was not precluded from considering factors outside those mentioned in 9 NYCRR 8002.3 (b). Judgment affirmed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.