■ In the Matter of PAUL GRIMMETT, Petitioner, v DEAN R. RILEY, as Superintendent of Fishkill Correctional Facility, et al., Respondents. [596 NYS2d 481] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In finding petitioner guilty of violating two prison disciplinary rules, the Hearing Officer had to make a finding that petitioner was the person identified in the recorded telephone conversations. We agree with petitioner that that finding is not supported by substantial evidence and, accordingly, the determination must be annulled. When asked at the hearing how he knew that petitioner was the person talking on the telephone, Investigator J. Bezio, the author of the misbehavior report, responded that this conclusion was based on confidential information, visiting records, the location of the telephone and voice identification. The confidential information consisted only of the conclusion that petitioner was a participant in the telephone conversations, with no factual basis for that conclusion. The visiting records merely show that a person named Veronica Glover, who was a participant in some of the telephone conversations, appeared on the list of approved visitors for petitioner. As to the location of the telephone, there is nothing in the record to show how the telephone's location could establish that petitioner was a participant in conversations involving that phone. Nor is there any evidence that one of the voices from the recorded telephone conversations was actually identified as petitioner's voice. In short, the record contains no evidentiary facts to support the conclusion that petitioner participated in the telephone conversations.

Because the challenged determination is not supported by substantial evidence, respondents must be directed to expunge all references to this proceeding (see, Matter of Hartje v Coughlin, 70 NY2d 866). In light of this resolution, it is not necessary to address petitioner's remaining contentions.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondents are directed to expunge all references to this proceeding from petitioner's records and to restore petitioner to his prehearing status.