■ The People of the State of New York, Respondent, v Steven Romer, Appellant. [611 NYS2d 168] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.),

rendered January 6, 1992, convicting defendant, after a jury trial, of 4 counts of grand larceny in the first degree, 4 counts of criminal possession of stolen property in the first degree, 4 counts of criminal possession of a forged instrument in the second degree, 1 count of grand larceny in the second degree and 1 count of criminal possession of stolen property in the second degree, and sentencing him to a term of 7½ to 22½ years on each count of grand larceny in the first degree and criminal possession of stolen property in the first degree, 2 to 6 years on each count of criminal possession of a forged instrument in the second degree, and 4½ to 13½ years on the count of grand larceny in the second degree and on the count of criminal possession of stolen property in the second degree, all terms to run concurrently, and ordering him to pay restitution in the amount of $7,028,000, unanimously affirmed.

The guilt of defendant, an attorney, was proven beyond a reasonable doubt. The client victims' testimony and documentary evidence established that defendant, without permission, used the funds entrusted to him as collateral for personal loans and camouflaged his actions by creating forged documents. Defendant's course of conduct resulted in an aggregate loss of more than $7,000,000 to his clients and others who entrusted him with their money. Defendant admitted in a letter to a close friend that he had misappropriated the funds. Given the unsubstantiated nature of defendant's claim that corporate conspirators had accessed bank computers and placed the entrusted funds into his personal accounts, the jury reasonably rejected this defense. Since the only evidence that a corporation was involved in this case at all was defendant's assertion that agents of the corporation had attacked him under mysterious circumstances, the IAS Court properly excluded the testimony of a so-called expert who was to testify, based only on defendant's speculation, that the corporation had accessed the bank computers. In any event, the court did admit into evidence a report by an expert in computer systems concluding that the bank documents had "abnormalities" concerning changes in account titles, delayed postings and reference number disagreements. Defendant's sentence was not excessive in light of the fact that he received concurrent prison terms for his convictions on 8 class "B" felonies when he could have received consecutive terms. Moreover, the sentencing court's order to pay restitution of over $7,000,000 misappropriated by him was appropriate.

We have considered defendant's remaining contentions and

find them to be without merit. Concur—Rosenberger, J. P., Ross, Rubin, Nardelli and Tom, JJ.