■ In the Matter of ROBERT RUGGIERO, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of the New York State Department of Correctional Services, et al., Respondents. [632 NYS2d 35] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was charged with violating various inmate rules arising out of an obscene phone call. The parole officer who had received the obscene phone call listened to a tape recording of petitioner's voice and positively identified petitioner's "distinctive voice". That testimony, along with the misbehavior report that placed petitioner in the room from which the obscene phone call was made, constitutes substantial evidence supporting the determination of guilt. Petitioner's reliance upon *Matter of Grimmett v Riley* (192 AD2d 831) is misplaced. In that case, there was no evidence "that one of the voices from the recorded telephone conversations was actually identified as [the] petitioner's voice" *(Matter of Grimmett v Riley, supra,* at 831).

Petitioner did not raise the excessiveness of the penalty in his CPLR article 78 petition and, therefore, that issue is not properly before us. In any event, the penalty imposed is not so disproportionate as to be shocking to one's sense of fairness. (CPLR art 78 Transferred Proceeding by Order of Supreme

Court, Erie County, Whelan, J.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.