■ In the Matter of WILFRED FLECHA, Appellant, v BRION D. TRAVIS, as Chairperson of the New York State Board of Parole, et al., Respondents. [667 NYS2d 519] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 3, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board of Parole denying petitioner parole release.

Petitioner is currently serving consecutive prison terms of 3 to 9 years following his 1988 conviction of the crimes of rape in the first degree and sodomy in the first degree. His appearance before the State Board of Parole in January 1996 resulted in a denial of parole based upon, *inter alia*, the sexually violent nature of his crimes, which involved the rape and sodomy of two young girls, and his admitted history of cocaine abuse. Supreme Court dismissed petitioner's application seeking review of the denial of parole release and we affirm.

Petitioner first contends that because the Board previously applied the guidelines set forth in Executive Law § 259-i (1) (a) (i.e., the seriousness of the prior offenses and his criminal record) in denying parole in 1994, it could not consider these factors again in 1996 and had to grant parole unless it found one of the factors set forth in 9 NYCRR 8002.3 (b) to be unsatisfactory, which it did not. We disagree. Because the trial court set petitioner's minimum period of imprisonment, the Board was required to take into account, among other statutory factors, the seriousness of petitioner's crimes and his prior criminal record (*see*, Executive Law § 259-i [2] [c]; *see also, Matter of King v New York State Div. of Parole*, 83 NY2d 788; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757; *Matter of Ward v Hammock*, 90 AD2d 594). The Board's decision denying parole release is supported by the record and complies with all statutory requirements; accordingly, it will not be disturbed. Petitioner's remaining claims have been considered and found to be either unpreserved for our review or lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.