■ In the Matter of JIMMY NIEVES, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [675 NYS2d 158] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered August 12, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole.

Petitioner currently is serving prison terms of 3⅓ to 10 years and 2 to 6 years following his conviction of the crimes of rape in the first degree and sexual abuse in the first degree. He now challenges the Board of Parole's determination denying his application for parole release, contending that it constitutes an abuse of discretion. We disagree. Decisions regarding release on parole are discretionary and will not be disturbed as long as the statutory requirements are satisfied (*see*, Executive Law § 259-i; *see also, Matter of Patterson v New York State Bd. of Parole*, 202 AD2d 940). Here, the record reflects that the Board considered the requisite factors, placing special emphasis upon the heinous nature of petitioner's crime, as well petitioner's institutional record during his incarceration, which included 13 misconduct citations.

Petitioner's contention that his certificate of earned eligibility entitled him to parole release is, under the circumstances presented here, without merit. Pursuant to Correction Law § 805, an inmate may be denied parole, even after receiving a certificate of earned eligibility, if the Board finds that (1) there is a "reasonable probability" that the inmate could not remain at liberty without violating the law, and (2) the inmate's release would be incompatible with the welfare of the community. The Board made such a finding here and the record as a whole supports it. Petitioner's remaining contentions have been considered and found to be without merit.

Crew III, J. P., White, Yesawich Jr., Peters and Carpinello,

JJ., concur. Ordered that the judgment is affirmed, without costs.