■ In the Matter of HARVEY MARCELIN, Appellant, v BRION D. TRAVIS, as Chairman, New York State Division of Parole, Respondent. [693 NYS2d 639] —Appeal from a judgment of the Supreme Court (Lamont, J.), entered October 9, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner was sentenced to a prison term of 6 to 12 years following his conviction for the crime of manslaughter in the first degree stemming from the stabbing death of his live-in girlfriend. After repeatedly stabbing the victim, petitioner placed her body in a trash bag which he left on the street. At the time of the commission of this crime, petitioner was under parole supervision for life as a result of a 1963 conviction of murder in the first degree which also involved the death of a woman with whom petitioner had been living. Following petitioner's unsuccessful requests for parole release in 1991, 1993 and 1995, he again appeared before the State Parole Board on August 21, 1997, for a parole release interview during the course of which he described the crime and admitted that he had "problems" with women. In again denying petitioner's application for parole release the Parole Board cited as factors, *inter alia*, the seriousness of the crime, petitioner's violent history and his attempt to place the blame for his actions on the victim. Following an administrative appeal, the Parole Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. Because the record discloses that the Parole Board considered all relevant factors in denying petitioner's parole request, including the positive factors such as his educational achievements while incarcerated, judicial review of the Parole Board's determination is precluded (*see*, Executive Law § 259-i [5]; *see also, Matter of Anthony v New York State Div. of Pa-*

*role*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183).* While it is true that petitioner received a certificate of earned eligibility, the Parole Board specifically found that petitioner could not remain at liberty without violating the law and his release at this time would not be compatible with the welfare of society (*see*, Correction Law § 805; *Matter of Nieves v New York State Div. of Parole*, 251 AD2d 836). Accordingly, the Parole Board's finding was made in accordance with the law and we find no reason to conclude that it abused its discretion.

We have examined petitioner's remaining procedural arguments, including his challenge to the composition of the Parole Board, and find them to be without merit. Contrary to petitioner's argument, he was not denied procedural due process because the members of the Parole Board who were present at his hearing were women. There is no record support for his speculative claim that these members were biased against him because the victims of his crimes were women and that his parole request would have been granted had a male Parole Board member been present at the hearing.

Mikoll, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner argues for the first time on appeal that the Parole Board's reference to the criteria listed in Executive Law § 259-i was improper because this statute was enacted after the date of his initial conviction for murder in the first degree. Were this issue properly before us, we would find it to be without merit (*see*, *Matter of Ristau v Hammock*, 103 AD2d 944, *lv denied* 63 NY2d 608).