■ In the Matter of STUART HUBER, Appellant, v BRION TRAVIS, as Chairman of New York State Division of Parole, Respondent. [695 NYS2d 622] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered December 1, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole.

Petitioner, incarcerated for his convictions of robbery in the first degree and robbery in the second degree, commenced this CPLR article 78 proceeding challenging the denial of his request for parole release, which was based upon petitioner's instant crimes, one of which occurred while he was released on bail, his pattern of criminal acts and his lack of understanding for his actions. Supreme Court dismissed petitioner's challenge thereto and we affirm. A review of the parole hearing evidences that the Board of Parole took into consideration all relevant factors, including his accomplishments while incarcerated, his criminal history and his plans for release. Although petitioner received an earned eligibility certificate, the Board rationally concluded that it was reasonably probable that petitioner would be unable to live and remain at liberty without violating the law and that his release would be incompatible with the welfare of the community (see, Matter of Henricks v New York State Div. of Parole, 253 AD2d 965; Matter of Nieves v New York State Div. of Parole, 251 AD2d 836). Inasmuch as the Board's denial of petitioner's application was made pursuant to the statutory requirements, it will not be disturbed (see, Matter of Faison v Travis, 260 AD2d 866; Matter of Anthony v New York State Div. of Parole, 252 AD2d 704, lv denied 92 NY2d 812, cert denied 525 US 1183). We have reviewed petitioner's remaining contentions, including his speculative and conclusory assertion that the denial of his parole request was influenced by political and media pressures, and find them to be unpersuasive.

Mercure, J. P., Crew III, Yesawich Jr., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.