■ In the Matter of MICHAEL McGOVERN, Appellant, v BRION TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [700 NYS2d 872] —Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered April 6, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was sentenced to a prison term of 7 to 21 years following his plea of guilty to the crime of manslaughter in the first degree. Following petitioner's unsuccessful request for parole release in 1996, he again appeared before the Board of Parole for a parole release interview on February 17, 1998. In the course of the interview, defendant admitted that he beat his live-in girlfriend to death with a telephone receiver while he was under the influence of cocaine. Petitioner's latest application for parole release was again denied and, following an administrative appeal, the Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. Because the record discloses that the Board considered all relevant factors in denying petitioner's parole

request, including the serious nature of his conviction and all positive factors such as his satisfactory work evaluations and therapeutic achievements while incarcerated, judicial review of the Board's determination is precluded (*see*, Executive Law § 259-i [5]; *see also*, *Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). While it is true that petitioner received a certificate of earned eligibility, the Board specifically found that petitioner could not remain at liberty without violating the law and his release at this time would not be compatible with the welfare of society (*see*, Correction Law § 805; *Matter of Nieves v New York State Div. of Parole*, 251 AD2d 836). Accordingly, the Board's finding was made in accordance with the law and we find no reason to conclude that it abused its discretion. We have examined petitioner's remaining contentions, including his speculative and conclusory contention that the denial of his parole request was prompted by political and media pressure, and find them to be unpersuasive (*see*, *Matter of Huber v Travis*, 264 AD2d 887).

Mercure, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.