■ In the Matter of THEODORE HOWARD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [707 NYS2d 719] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 19, 1999 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner, a prison inmate serving concurrent sentences of 25 years to life and 12½ to 25 years for murder in the second degree and seven counts of robbery in the second degree, respectively, commenced this CPLR article 78 proceeding challenging the determination which denied his application for parole release. Supreme Court dismissed the petition and we affirm.

Our review of the transcript of the parole hearing discloses that respondent considered all the relevant factors in denying petitioner's request for parole (*see*, Executive Law § 259-i), specifically noting petitioner's history of substance abuse and the seriousness of his crimes. Contrary to petitioner's assertion, respondent's reference during the hearing to erroneous information concerning the number of previous felonies does not require a new parole release hearing. As petitioner was aware of these errors at the hearing and the fact that there is no indication that such information served as a basis for denying petitioner's request for parole release, petitioner has failed to demonstrate that the determination was affected by irrationality bordering on impropriety (*see, Matter of Santos v New York State Div. of Parole*, 267 AD2d 533; *Matter of Hall v New York State Exec. Dept., Div. of Parole*, 188 AD2d 791). Accordingly, we find no reason to disturb respondent's determination that petitioner exemplifies a continuing pattern of abuse, violence and complete indifference to human life which belies discretionary release. Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Crew III, J. P., Carpinello, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.