■ In the Matter of MARTIN FITZPATRICK, Appellant, v BRION D. TRAVIS, as Chairperson, New York State Division of Parole, Respondent. [711 NYS2d 795] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 2, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving four indeterminate prison sentences of 25 years to life arising out of the shooting deaths of two police officers in 1969. Following two unsuccessful requests for parole release, petitioner again appeared before the Board of Parole for a parole release interview on July 28, 1998. Petitioner's latest application for parole release was again denied and, following an administrative appeal, the Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. Because the record discloses that the Board considered all relevant factors in denying petitioner's parole request, including the serious nature of his convictions as well

as positive factors such as his improved institutional record and future employment plans, judicial review of the Board's determination is precluded (*see,* Executive Law § 259-i [5]; *see also, Matter of Anthony v New York State Div. of Parole,* 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). Given this circumstance and the fact that petitioner has failed to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb the Board's discretionary decision that parole release would not be appropriate at this time (*see, Matter of Faison v Travis,* 260 AD2d 866, 867, *appeal dismissed* 93 NY2d 1013).

We have examined petitioner's remaining contentions and find them to be unpersuasive under the circumstances.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.