■ In the Matter of WILLIAM NELSON, Appellant, v NEW YORK STATE PAROLE BOARD et al., Respondents. [711 NYS2d 792] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 14, 1999 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of 15 years to life arising out of his conviction of the crime of murder in the second degree. Petitioner committed this crime while on parole from a prior conviction of manslaughter in the first degree. Following six unsuccessful requests for parole release, petitioner again appeared before respondent Board of Parole for a parole release interview on September 29, 1998. Petitioner's latest application for parole release was again denied and, following an administrative appeal, the Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. Because the record discloses that the Board considered the relevant statutory factors, placing emphasis on the seriousness of the offense, judicial review of the Board's determination is precluded (*see*, Executive Law § 259-i [5]; *see also*, *Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). Notably, the Board is not required to expressly discuss each of the statutory factors in its determination (*see*, *Matter of Faison v Travis*, 260 AD2d 866, *lv dismissed* 93 NY2d 1013). Nor is it improper for the Board to consider the same statutory factors

as it had in previous parole determinations (*see*, *Matter of Flecha v Travis*, 246 AD2d 720). In any event, since petitioner failed to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb the Board's discretionary determination that petitioner was not currently an acceptable candidate for parole release (*see*, *Matter of Faison v Travis*, *supra*).

Cardona, P. J., Crew III, Peters, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.