■ In the Matter of MAXIMO PADILLA, Appellant, v BRION D. TRAVIS, as Chairperson of the New York State Division of Parole, Respondent. [711 NYS2d 802] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 14, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner pleaded guilty to one count each of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree and is currently serving concurrent prison sentences of $1\frac{1}{2}$ to 3 years and 2 to 6 years, respectively. In April 1999, petitioner's application for parole release was denied by the Board of Parole and, following an administrative appeal, this decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. Because the record discloses that the Board considered all relevant factors in denying petitioner's parole request, including the serious nature of his conviction and such

positive factors as his good institutional and disciplinary records while incarcerated, judicial review of the Board's determination is precluded (*see,* Executive Law § 259-i [5]; *see also, Matter of McGovern v Travis,* 268 AD2d 924). While it is true that petitioner received a certificate of earned eligibility, the Board specifically found that petitioner could not remain at liberty without violating the law and his release at this time would not be compatible with the welfare of society (*see,* Correction Law § 805; *Matter of Nieves v New York State Div. of Parole,* 251 AD2d 836). Accordingly, the Board's finding was made in accordance with the law and we find no reason to conclude that it abused its discretion. We have examined petitioner's remaining contentions, including his claim that the Board improperly reviewed confidential documents without disclosing them to him, and find them to be without merit.

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.