■ In the Matter of JOSEPH VANIER, Appellant, v BRION TRAVIS, as Chairman of New York State Division of Parole, Respondent. [711 NYS2d 920] —Graffeo, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 8, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following a September 29, 1998 parole hearing conducted via two-way television, petitioner's request for parole release was denied. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and we affirm.

Although the record reveals that petitioner objected to the

use of two-way television for his interview in a letter written September 17, 1998 to respondent, no objection was expressed at the parole hearing. Even if petitioner had properly preserved the issue of teleconferencing for our review, we would find that petitioner has failed to demonstrate that he was prejudiced by the use of this technology which, in our view, is consistent with the statutory requirement that petitioner be "personally interview[ed]" (Executive Law § 259-i [2] [a]). Furthermore, a review of the record discloses that the Board of Parole considered all relevant factors in denying petitioner's parole request, thereby precluding further judicial review of the determination (*see,* Executive Law § 259-i [5]; *Matter of Jerrell v Ibsen,* 253 AD2d 917). Petitioner's remaining contentions have been reviewed and are found to be without merit.

Cardona, P. J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.