Cardona, P. J., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ In the Matter of JOSEPH GUERIN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [714 NYS2d 770] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered April 6, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is presently serving concurrent prison sentences—the maximum of which is 25 years to life—as the result of his plea of guilty to the crimes of intentional murder in the second degree and related offenses stemming from incidents wherein he shot a police officer twice in the head and, during his

subsequent flight, stole a motor vehicle at gunpoint. The Board of Parole denied petitioner's most recent request for parole release after concluding that releasing petitioner would be incompatible with the public safety and would deprecate the seriousness of his crimes. Petitioner commenced this CPLR article 78 proceeding challenging the determination. By written decision, Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Upon our review of the hearing transcript, we find no support for petitioner's claim that the Board predetermined his request for parole release based upon the status of the victim as a police officer or that the Board failed to consider the relevant statutory factors set forth in Executive Law § 259-i. To the contrary, the record reveals that the Board expressly and repeatedly considered and acknowledged the numerous positive factors, including petitioner's program participation, his outstanding academic achievements while incarcerated, his institutional record and his release plans (*see*, Executive Law § 259-i [2] [c]). However, as it was required to do where the sentencing court set the minimum period of imprisonment, the Board explicitly balanced the factors favorable to petitioner's release against the serious and violent nature of his crimes—both the murder of the police officer as well as the subsequent armed robbery—and his status as a fugitive from an outstanding homicide warrant at the time these crimes were committed (*see*, Executive Law § 259-i [1] [a]; [2] [c]; *Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790; *Matter of Waters v New York State Div. of Parole*, 252 AD2d 759, 760, *lv denied* 92 NY2d 812; *see also*, *Matter of Marcelin v Travis*, 262 AD2d 836; *Matter of Hawkins v Travis*, 259 AD2d 813, *appeal dismissed* 93 NY2d 1033; *Matter of Flecha v Travis*, 246 AD2d 720).

While petitioner's academic and institutional achievements are exemplary and make him a compelling candidate for parole release, "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct" (Executive Law § 259-i [2] [c]). The record supports the conclusion that the Board fully considered the relevant statutory factors in denying petitioner's request for parole release and that it refrained from considering factors outside the scope of Executive Law § 259-i. In our view, Supreme Court correctly concluded that further judicial review of the Board's determination is precluded (*see*, Executive Law § 259-i [5]; *Matter of Vanier v Travis*, 274 AD2d 797; *Matter of Fitzpatrick v Travis*, 274 AD2d 718; *cf.*, *Matter of King v New York State Div. of Parole*, *supra*, at 791).

Finally, petitioner's minimum period of imprisonment was set by the trial court and not pursuant to the guidelines in Executive Law § 259-i (1) (a) and, thus, the Board was not restricted to considering only those factors set forth in 9 NYCRR 8002.3 (b) (*see, Matter of Marturano v Hammock*, 87 AD2d 732, *lv denied* 56 NY2d 506; *see also, Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69; *Matter of Hawkins v Travis, supra*; *Matter of Flecha v Travis, supra*; *Matter of Vasquez v New York State Parole Bd.*, 240 AD2d 823; *Matter of Ward v Hammock*, 90 AD2d 594). We have reviewed petitioner's remaining claims and determined that none merit granting the relief requested in this special proceeding.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.