■ In the Matter of JOSE ARLEQUIN, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [716 NYS2d 617] —Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 7, 2000, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, an inmate serving two concurrent sentences of $7\frac{1}{2}$ to 15 years for manslaughter in the second degree and criminal possession of a weapon in the second degree, commenced this CPLR article 78 proceeding to challenge a determination denying his request for parole release. Supreme Court dismissed the petition and we affirm. Contrary to petitioner's contention, the denial of his request for parole release was not based solely upon the serious nature of his crimes but, rather, was made after reviewing all of the relevant factors (see, Executive Law § 259-i [2] [c]), including petitioner's institutional accomplishments (see, Matter of Fitzpatrick v. Travis, 274 AD2d 718; Matter of Waters v New York State Div. of Parole, 271 AD2d 779). Equally unpersuasive is petitioner's assertion that he was improperly denied access to certain materials reviewed by the Board. The presentence report considered by the Board and submitted to Supreme Court for in camera review consisted of confidential material and was not subject to disclosure absent a proper factual showing of petitioner's need therefor (see, Matter of Hoyle v People, 274 AD2d 633). As the record reveals that the appropriate statutory factors were considered and, further, as there is no indication that the determination was affected by irrationality bordering on impropriety, we decline to disturb the Board's finding that petitioner's discretionary release would be incompatible with public safety (see, Matter of Nelson v New York State Parole Bd., 274 AD2d 719; Matter of Howard v New York State Bd. of Parole, 272 AD2d 731). We have reviewed petitioner's remaining arguments and find that they are either unpreserved for our review or lacking in merit.

Cardona, P. J., Crew III, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.