■ In the Matter of GREGORY FELDER, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [717 NYS2d 683] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 7, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner, who is currently serving consecutive prison sentences of $8\frac{1}{3}$ to 25 years for his convictions of manslaughter in the first degree and 2 to 4 years for attempted criminal possession of stolen property in the third degree, was denied parole release based upon the violent nature and circumstances of his crimes, his criminal history and his resistance to community standards. Petitioner commenced this CPLR article 78 proceed-

ing challenging the determination and Supreme Court dismissed the petition. We affirm. Contrary to petitioner's contention, respondent Board of Parole considered the appropriate statutory factors in rendering its determination, placing emphasis on the seriousness of petitioner's crimes and his criminal history (*see*, Executive Law § 259-i [1]). Respondent was not required to expressly discuss each fact considered (*see*, *Matter of Rivera v State of New York Executive Dept. Bd. of Parole*, 268 AD2d 928). Moreover, we reject petitioner's contention that Executive Law § 259-i is unconstitutional (*see*, *Matter of Jerrell v Ibsen*, 253 AD2d 917). In light of petitioner's failure to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see*, *Matter of Gonzalez v Travis*, 275 AD2d 827; *Matter of Nelson v New York State Parole Bd.*, 274 AD2d 719). Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.