■ In the Matter of THORNWELL RICHBURG, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [726 NYS2d 299] —Appeal from a judgment of the Supreme Court (Sise, J.), entered September 13, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 15 years to life after having been convicted of attempted murder in the first degree stemming from an incident in which he shot a police officer. Petitioner's previous applications for parole release were denied in 1995 and 1997. Respondent denied petitioner's most recent request for parole in October 1999, after concluding that releasing petitioner would be incompatible with the welfare and safety of the community and would deprecate the seriousness of his crime. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that respondent considered the relevant statutory factors in denying petitioner's request for parole release, including the serious nature of the crime, petitioner's positive accomplishments in prison and postrelease plans (*see, Matter of Guerin v New York State Div. of Parole,* 276 AD2d 899, 900). Although petitioner asserts that respondent relied upon erroneous information contained in the presentence report relating to certain particulars of the crime, there is nothing in the record to indicate that the denial of petitioner's application was affected by an error of fact (*see, Matter of Howard v New York State Bd. of Parole,* 272 AD2d 731). We also reject petitioner's assertion that respondent's decision was insufficient to apprise him of the reasons for the denial of his application for release. Inasmuch as petitioner has failed to demonstrate that respondent's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis,* 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77), we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release. Petitioner's remaining contentions have been considered and found to be without merit.

Crew III, J. P., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.