■ In the Matter of LARRY WILLIAMS, Appellant, v BRION TRAVIS, as Chair of New York State Board of Parole, Respondent. [727 NYS2d 522] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 5, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 20 years to life after having been convicted of murder in the second degree. The conviction emanates from an incident in which petitioner shot an individual with a handgun. In August 1999, the Board of Parole denied petitioner's application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that the Board considered the relevant statutory factors before concluding that, due to the serious and violent nature of the crime, petitioner is not an acceptable candidate for parole release. We are unpersuaded by petitioner's contention that the Board did not consider all the pertinent information inasmuch that the presentence report in connection with the instant offense was not made available for its review. To the contrary, the record indicates that a presentence report was prepared in connection with petitioner's February 1980 conviction of criminal possession of a weapon in the third degree. In June 1980, petitioner was convicted of the instant crime and an addendum was prepared detailing this crime and it was attached to the prior report containing petitioner's background information, which had been prepared four months earlier. Accordingly, in light of petitioner's failure to demonstrate that the Board's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we find no reason to disturb the discretionary determination denying petitioner's application for parole release (*see, Matter of Charlemagne v State of New York Div. of Parole*, 281 AD2d 669).

Crew III, J. P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.