■ In the Matter of MARK LARRY, Appellant, v BRION TRAVIS, as Chair of the New York State Division of Parole, Respondent. [755 NYS2d 329] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 30, 2002 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 12½ to 25 years following his 1986 conviction of the crime of manslaughter in the first degree. The charge arose out of petitioner's perpetration of the stabbing death of his former girlfriend, the mother of his then two-year-old child. At the time he committed this crime, petitioner was on parole release from a prison sentence imposed after a previous felony conviction. In February 2001, petitioner made his second and most recent appearance before the Board of Parole on this conviction. The Board denied his application. The instant proceeding, wherein petitioner seeks review of that determination, was dismissed by Supreme Court, giving rise to this appeal.

We find that the Board complied with the statutory requirements here by considering the factors set forth in Executive Law § 259-i, including petitioner's favorable prison disciplinary record, his attainment of employment skills and his completion of rehabilitative programs during his incarceration. The Board nonetheless denied petitioner's application, citing in particular the extremely violent nature of his crime, his extensive criminal history and the fact that he perpetrated this crime at a time when he was free on parole release from a previous felony conviction (*see Matter of Charlemagne v State of N.Y. Div. of Parole*, 281 AD2d 669, 670 [2001]; *Matter of Felder v Travis*, 278 AD2d 570, 571 [2000]; *Matter of Marcelin v Travis*, 262 AD2d 836, 836-837 [1999]). In view of the Board's adherence to the statutory guidelines, and given the absence of a showing that the determination was affected by "irrationality bordering on impropriety," it will not be disturbed (*see Matter of Russo v*

*New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). The remaining issues raised by petitioner have been examined and found to be without merit. Supreme Court's judgment dismissing the petition is, accordingly, affirmed.

Cardona, P.J., Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.