◼ In the Matter of JOHN EK, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [761 NYS2d 553] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 26, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 20 years to life following his 1976 conviction of murder in the second degree. Petitioner's conviction arose out of an armed robbery at the home of a drug dealer where petitioner and his codefen-dants terrorized a 67-year-old man, his wife, son and two granddaughters. When the demand for money was not forth-coming, a struggle ensued resulting in the 67-year-old man be-ing shot and killed. In August 2001, petitioner made his fourth appearance before respondent and his application for parole release was again denied. Supreme Court dismissed petitioner's subsequent CPLR article 78 proceeding and this appeal ensued.

Notwithstanding petitioner's contention to the contrary, our review of the record reveals that respondent considered the relevant statutory factors in denying petitioner's request for parole release (*see* Executive Law § 259-i; *see also Matter of Williams v Travis*, 284 AD2d 823 [2001]; *Matter of Johnson v Travis*, 284 AD2d 686 [2001]). Although respondent placed particular emphasis on the seriousness of petitioner's crime and his criminal history, respondent was not required to expressly discuss or give equal weight to each factor it

considered in rendering its determination (*see Matter of Felder v Travis*, 278 AD2d 570 [2000]; *Matter of Henderson v Travis*, 268 AD2d 633, 634 [2000], *lv denied* 95 NY2d 754 [2000]). In any event, a review of the record reveals that respondent considered petitioner's positive achievements while imprisoned, the absence of any disciplinary violations since his last parole appearance and his plans upon release. Inasmuch as the record fails to demonstrate that the discretionary determination was affected by irrationality bordering on impropriety, it will not be disturbed (*see Matter of Trobiano v State of New York Div. of Parole*, 285 AD2d 812 [2001], *lv denied* 97 NY2d 607 [2001]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.