■ In the Matter of LARRY K. HENDERSON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [775 NYS2d 920]—

Appeal from a judgment of the Supreme Court (Benza, J.), entered July 10, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1993, petitioner was convicted of the crimes of attempted murder in the second degree and two counts of assault in the first degree after he fired a shotgun at the victim, seriously injuring him. He was sentenced to concurrent prison terms of 6 to 18 years on the attempted murder conviction and 5 to 15 years on the assault convictions. He applied for and was denied release on parole in September 1998 and September 2000. In September 2002, petitioner reappeared before the Board of Parole and was again denied parole release. He commenced the instant CPLR article 78 proceeding challenging this determination and his petition was dismissed by Supreme Court, resulting in this appeal.

Parole determinations are not subject to review if they comply with statutory requirements (*see* Executive Law § 259-i [5]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433 [2003]), unless there is a showing of " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Larry v Travis*, 303 AD2d 797, 798 [2003]). Such a showing has not been made here. The record reveals that the Board considered the relevant statutory factors (*see* Executive Law § 259-i), placing particular emphasis on the serious nature of the underlying crimes and petitioner's callous disregard for human life. It was not required to discuss each factor it considered in reaching its determination (*see Matter of Marcelin v New York State Div. of Parole*, 308 AD2d 616, 616-617 [2003]; *Matter of Ek v New York State Bd. of Parole*,

*supra* at 433-434). Accordingly, we find no reason to disturb the dismissal of petitioner's application.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.