■ In the Matter of LOUIS TATTA, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [780 NYS2d 238]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered November 24, 2003 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1988, following an incident where petitioner held his ex-girlfriend hostage and stabbed her and her sister, severely injuring his ex-girlfriend, petitioner was convicted of the crimes of burglary in the first degree, six counts of assault in the first degree, and unlawful imprisonment in the first degree. On appeal, it was determined that he was not a second felony offender as defined in the Penal Law, and his minimum sentence was reduced, resulting in an aggregate sentence of $13^1/_3$ to 40 years' imprisonment (*People v Tatta*, 196 AD2d 328, 331-332 [1994], *lv denied* 83 NY2d 972 [1994]). He applied for and was denied parole release in 2000. Following his 2002 reappearance before the Board of Parole and subsequent denial of his application, petitioner commenced this CPLR article 78 proceeding to challenge the Board's determination. Petitioner appeals from Supreme Court's judgment dismissing the petition.

We affirm. A parole determination is not subject to review if it complies with statutory requirements, and we will intervene only if "there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Such is not the case here. The record reveals that the Board considered the relevant statutory factors given the fact that petitioner's minimum sentence was imposed by a court (*see* Executive Law § 259-i; *Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899, 901 [2000]) and emphasized the seriousness of petitioner's crimes and his disregard for human life (*see Matter of Henderson v New York State Div. of Parole*, 7 AD3d 898, 898 [2004]). Petitioner's remaining arguments have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.