■ In the Matter of Keith Larmon, Appellant, v Brion D. Travis, as Chair of the New York State Board of Parole, Respondent. [787 NYS2d 918]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered December 24, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1997, petitioner was convicted of two counts of robbery in the first degree and was sentenced to two concurrent terms of imprisonment of 6 to 18 years. On January 7, 2003, he made his initial appearance before the Board of Parole seeking parole release. His request was denied and his next appearance before the Board was scheduled for January 2005. Petitioner then commenced this CPLR article 78 proceeding challenging the deter-

---

mination. Following joinder of issue, Supreme Court dismissed the petition, finding that the denial of petitioner's request for parole was not irrational. Petitioner now appeals.

We affirm. It is well settled that decisions regarding release on parole are discretionary and will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Although the Board is required to consider the factors set forth in Executive Law § 259-i (2) (c), it is not required to give equal weight to each factor or specifically articulate every factor considered in making its decision (*see Matter of Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). Contrary to petitioner's claim, the record in the case at hand does not reveal that the Board based the denial of his request for parole solely upon the violent nature of the underlying crimes. Rather, the Board also considered petitioner's flight to Canada following his commission of the crimes, his potential deportation, his completion of certain institutional programs and receipt of a certificate of earned eligibility, as well as one prison disciplinary infraction. In view of this, we find no reason to disturb the Board's discretionary determination (*see Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433 [2003]; *Matter of Arlequin v Travis*, 277 AD2d 576 [2000]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.