◼ In the Matter of Steven J. Romer, Respondent-Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, et al., Appellants-Respondents. [804 NYS2d 872]—

Crew III, J. Cross appeals from a judgment of the Supreme Court (Malone, Jr., J.), entered June 20, 2005 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner, a disbarred attorney, currently is serving an aggregate prison sentence of 7½ to 22½ years based upon his convictions of grand larceny in the first degree (four counts), grand larceny in the second degree, criminal possession of stolen property in the first degree (four counts), criminal possession of stolen property in the second degree and criminal possession of a forged instrument in the second degree (four counts). In addition, petitioner was ordered to pay restitution in the amount of $7,028,000 (*People v Romer*, 203 AD2d 206 [1994], *lv denied* 83 NY2d 971 [1994]). These convictions stemmed from petitioner's theft of funds from former clients.

In June 2004, petitioner made his fourth appearance before respondent Board of Parole and again was denied parole release. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to annul the Board's determination. Supreme Court granted petitioner's application to annul and directed the Board to conduct a de novo hearing. Respondents now appeal and petitioner cross appeals, the latter contending that Supreme Court should have ordered his immediate release from prison.

Supreme Court granted petitioner's application to annul based upon its belief that the Board denied petitioner parole release solely due to the serious nature of the crimes for which he is incarcerated. After reviewing the record in its entirety, we disagree and, accordingly, reverse Supreme Court's judgment.

Pursuant to Correction Law § 805, an inmate who, like petitioner, is serving a minimum term of not more than eight years and has been issued a certificate of earned eligibility, "shall be granted parole release at the expiration of his minimum term . . . unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society." Contrary to petitioner's assertion, the receipt of an earned eligibility certificate does not preclude the Board from denying parole (*see Matter of Barad v New York State Bd. of Parole*, 275 AD2d 856 [2000], *lv denied* 96 NY2d 702 [2001]). And, provided the Board's determination is made in accordance with statutory requirements (*see* Executive Law § 259-i [2] [c] [A]), such determination will not be disturbed absent a "showing of irrational-

ity bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Salahuddin v Travis*, 17 AD3d 760 [2005], *lv denied* 5 NY3d 707 [2005]).

Unlike the situation in *Matter of Wallman v Travis* (18 AD3d 304 [2005]), wherein the First Department concluded that neither the Board's written decision nor the record as a whole contained sufficient facts to support its decision to deny the petitioner's bid for parole, even a cursory review of the record here reveals that the Board, in denying petitioner's request for parole release, indeed considered factors other than the seriousness of the crimes for which petitioner stands convicted. Here, the Board's written decision makes specific reference to petitioner's positive institutional record, which, as amplified by the hearing transcript, indicates that petitioner served as a program aide for chaplain services and as a paralegal assistant in the facility law library, in addition to teaching a legal research class and, on occasion, a Hebrew reading class. Petitioner's institutional record further reflects that he has not received any disciplinary tickets during the entire period of his incarceration and, as noted in the Board's decision, has been issued an earned eligibility certificate. Additionally, at the parole hearing, the Board noted petitioner's lack of prior involvement with the criminal justice system, the absence of a drug or alcohol problem, his desire to reimburse his former clients and his postrelease plans. The record also reflects, however, that petitioner continues to maintain his innocence of the crimes for which he stands convicted—crimes that, the Board observed, involved "devious, manipulative and cunning acts perpetrated against vulnerable individuals" who had placed their trust in petitioner. The Board further noted petitioner's "total disregard" for the impact that his actions would have on his clients.

As we previously have held, the Board need not recite each of the factors upon which it relied in making its determination, and its decision (actual or perceived) to place particular emphasis on a specific factor is not fatal where, as here, it is apparent that the Board's decision was made in compliance with statutory requirements (*see Matter of Salahuddin v Travis, supra*). In light of the foregoing, and based upon our review of the record as a whole, we simply cannot agree with Supreme Court that the Board's decision to deny petitioner parole release was based solely upon the seriousness of the underlying crimes and/or evidenced irrationality bordering on impropriety. Accordingly, Supreme Court's judgment is reversed and the petition is dismissed. Having so concluded, we need not address the merits of petitioner's cross appeal.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.