In the Matter of CLARENCE J. PEARL, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [808 NYS2d 816]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered July 15, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 1½ to 3 years for his 2002 conviction of attempted burglary in the third degree committed while he was on parole after serving four years on concurrent sentences of 3½ to 7 years and 3 to 6 years for two convictions of burglary in the third degree. In February 2004, petitioner appeared before the Board of Parole and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's contention, the Board appropriately considered the relevant statutory factors, including the nature of the offense, receipt of an earned eligibility certificate, clean disciplinary record, plans upon release and his prior criminal history, in determining that petitioner's release would be incompatible with the safety and welfare of the community (see Executive Law § 259-i [1] [a]; [2] [c] [A]; see also Matter of Rivera v Travis, 289 AD2d 829, 830 [2001]; Matter of Guerin v New York State Div. of Parole, 276 AD2d 899, 900 [2000]). Although petitioner received an earned eligibility certificate, this does not entitle petitioner to discretionary parole release (see Matter of Barad v New York State Bd. of Parole, 275 AD2d 856 [2000], lv denied 96 NY2d 702 [2001]). Moreover, the Board is not required to give equal weight to or specifically discuss every factor it considered in reaching its conclusion regarding parole release (see Matter of Larmon v Travis, 14 AD3d 960 [2005]). Inasmuch as the Board's determination does not evidence " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.