■ In the Matter of WAKI MILLING, Appellant, v JAMES BERBARY, as Superintendent of Collins Correctional Facility, et al., Respondents. [819 NYS2d 373]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered September 2, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination of the Board of Parole (Board) denying him release on parole. Supreme Court properly dismissed the petition. Because the Board properly considered the relevant statutory factors (*see* Executive Law § 259-i [2] [c] [A]) and there has been no "showing of irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we perceive no basis for disturbing the determination (*see Matter of Pearl v New York State Div. of Parole*, 25 AD3d 1058 [2006]; *Matter of Romer v Dennison*, 24 AD3d 866, 867-868 [2005], *lv denied* 6 NY3d 706 [2006]). Contrary to the contention of petitioner, his receipt of an earned eligibility certificate does not preclude the Board from denying him release on parole (*see Pearl*, 25 AD3d 1058 [2006]; *Romer*, 24 AD3d at 867; *Matter of Fuller v New York State Bd. of Parole*, 284 AD2d 853, 854 [2001]). The record does not support the further contention of petitioner that the Board failed to consider his individual circumstances and instead based its determination upon a policy of the Governor that all violent offenders be denied release on parole (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]; *see also Matter of Huber v Travis*, 264 AD2d 887 [1999]). Present—Hurlbutt, J.P., Kehoe, Gorski, Green and Pine, JJ.