■ In the Matter of DORNELL CORLEY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [822 NYS2d 817]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered April 12, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1995, petitioner was convicted of criminal possession of a controlled substance in the second degree and was sentenced to eight years to life in prison. He was on parole at the time he committed this crime, having been previously convicted of two drug-related felonies. Following his third appearance before the Board of Parole in November 2004, petitioner's request for parole release was denied and he was ordered held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's claim, the Board considered the appropriate statutory factors set forth in Executive Law § 259-i in denying his request for parole release and did not rely exclusively upon petitioner's criminal history or the crime of which he was convicted. In addition to petitioner's crime and criminal history, the Board took into account petitioner's receipt of a certificate of earned eligibility, his relatively clean disciplinary record and his postrelease plans (*see Matter of Thompson v New York State Div. of Parole*, 30 AD3d 746 [2006]; *Matter of Pearl v New York State Div. of Parole*, 25 AD3d 1058 [2006]). The Board was not required to accord each factor that it considered equal weight (*see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]). While petitioner received a certificate of earned eligibility, this did not entitle him to discretionary parole release (*see Matter of Pearl v New York State Div. of Parole, supra* at 1058). Inasmuch as we do not find that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.