Matter of Shrubsall v Annucci (2024 NY Slip Op 04675)

Matter of Shrubsall v Annucci

2024 NY Slip Op 04675

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

588 CA 23-01650

[*1]IN THE MATTER OF WILLIAM SHRUBSALL, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered September 12, 2023, in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 amended petition seeking to annul the determination of the Board of Parole (Board) denying his request for release to parole supervision. We affirm.
Petitioner contends that the Board failed to measure his rehabilitation under current legislative mandates because it did not use a risk and needs assessment instrument tailored to his programming. Petitioner failed to preserve that contention for our review inasmuch as he did not raise it in his administrative appeal or in the amended petition (see Matter of Krupa v Stanford, 145 AD3d 1656, 1656 [4th Dept 2016]). Petitioner further contends that the illegibility of the signatures of the Board members who decided his administrative appeal renders it impossible to determine whether the Board violated Executive Law § 259-i (4) (a), which prohibits Board members who participated in the parole determination from participating in the administrative appeal. Petitioner similarly failed to preserve that contention for our review inasmuch as he did not raise it in his amended petition (see Matter of Ruggiero v Coombe, 219 AD2d 844, 844 [4th Dept 1995]; see also Matter of Allen v Evans, 82 AD3d 1427, 1428 [3d Dept 2011]). We have no discretionary authority to review petitioner's unpreserved contentions in this CPLR article 78 proceeding (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Krupa, 145 AD3d at 1656).
Finally, to the extent that petitioner contends otherwise, we conclude upon our review of the record that the Board properly considered the requisite factors and adequately set forth its reasons to deny petitioner's application for release and "that there was no showing of irrationality bordering on impropriety" (Krupa, 145 AD3d at 1656-1657 [internal quotation marks omitted]; see Matter of Milling v Berbary, 31 AD3d 1202, 1203 [4th Dept 2006], lv denied 7 NY3d 808 [2006], rearg denied 7 NY3d 922 [2006]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court