■ In the Matter of THOMAS HAGAN, Also Known as TALMADGE HAYER, Appellant, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Vogt, J.), entered July 13, 1983 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to grant petitioner good-time credit. ¶ Petitioner was sentenced in 1966 to a term of life imprisonment for the crime of murder in the first degree. Pursuant to subdivision 6 of former section 1945 of the Penal Law, petitioner's minimum period of imprisonment was automatically set at 40 years, which period was reducible by as much as one third in the form of good-time allowances (former Correction Law, § 230). Under the old law, petitioner conceivably would have become eligible for parole in March, 1992 after having served 26 years, 8 months. ¶ Although section 230 of the Correction Law was repealed in 1970 (L 1970, ch 476, § 45), it continued to apply to inmates, like petitioner, who were sentenced under the former Penal Law. The enactment in 1972 (L 1972, chs 343, 344) of section 212-a of the Correction Law (now Executive Law, § 259-h) effectively superseded the application of former section 230 of the Correction Law to sentences imposed under the former Penal Law. Under the change, the minimum period of imprisonment for a prisoner sentenced to life imprisonment for the crime of murder in the first degree was reduced to 20 years. Included in the change was a provision disallowing the use of good-time credits to reduce the new minimum term of imprisonment below 20 years. As a result of the change in law, petitioner conceivably would be eligible for parole in February, 1985. ¶ The effective repeal of section 230 of the Correction Law by the enactment of section 212-a of the Correction Law (now Executive Law, § 259-h) can in no manner be characterized as an impermissible ex post facto law, as urged by petitioner. The new result of the change in law is that petitioner's minimum period of imprisonment is reduced by six years. He is obviously benefited by the change. "It is axiomatic that for a law to be *ex post facto* it must be more onerous than the prior law" (*Dobbert v Florida*, 432 US 282, 294). Accordingly,

Special Term's dismissal of the petition is affirmed. ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.