■ In the Matter of DOROTHY E. ROESCH, Appellant, v BOARD OF EDUCATION FOR THE WAYNE-FINGER LAKES BOARD OF COOP-

ERATIVE EDUCATIONAL SERVICES et al., Respondents. [687 NYS2d 448] —Peters, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered January 7, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Board of Education for the Wayne-Finger Lakes Board of Cooperative Educational Services denying her application for retroactive membership with respondent New York State Teachers' Retirement System.

Petitioner contends that she was employed by respondent Board of Education for the Wayne-Finger Lakes Board of Cooperative Educational Services (hereinafter BOCES) as a school psychologist from October 1971 through June 1974. Seeking retirement credit from respondent New York State Teachers' Retirement System (hereinafter the TRS) for her teaching services, petitioner made a timely claim pursuant to Retirement and Social Security Law § 803. In October 1996, she received an employer affidavit which she promptly filed with BOCES. Thereafter, Thomas Scudamore, Assistant Superintendent of BOCES, requested tax records and other information to verify petitioner's claim for retroactive membership. On November 15, 1996, petitioner faxed various documents to BOCES evidencing her employment for 49 days in 1971, 50 days during 1972 to 1973 and 70 days during 1973 to 1974. She thereafter wrote to Scudamore explaining the contents and significance of the documents she had faxed.

On November 26, 1996, petitioner was advised, by letter, that her request was denied upon BOCES' determination that she provided services as a consultant on a per diem basis, and not as an employee. Her request to appeal that determination resulted in a hearing held in February 1997. Therein, it was found that although petitioner met her threshold burden of establishing entitlement to retroactive credit pursuant to Retirement and Social Security Law § 803, the absence of payroll or personnel records, coupled with the lack of any formal appointment by BOCES to employ petitioner when others in similar positions were formally designated, rendered her status to be one of an independent contractor as opposed to an employee. Thereafter, Joseph Marinelli, BOCES' District Superintendent, *inter alia*, rejected that portion of the recommendation which determined that petitioner had met her initial burden to proceed. Upon commencement of this CPLR article 78 proceeding to review that determination, Supreme Court dismissed the petition upon its finding that petitioner failed to sustain her burden entitling her to proceed.

We disagree with the basis for Supreme Court's decision. Petitioner submitted a claim for retroactive retirement credit to the TRS and BOCES which indicated thereon that her first public employer failed to advise her of her right to join a public retirement system. As this threshold inquiry was never disputed at the hearing and BOCES agreed, on the record, that the only issue for determination was whether petitioner was an independent contractor or an employee, we cannot find that the failure to reiterate her eligibility at the hearing was fatal (see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 677; Matter of Gizzi v New York State Off. of Gen. Servs., 257 AD2d 815, 817; Matter of Clark v Board of Educ., 236 AD2d 709, 711, revd on other grounds 90 NY2d 662, 680). Accordingly, we find that Supreme Court erred in its dismissal of the petition on that basis.

Next, reviewing whether the underlying determination* as framed by the parties at the hearing had a rational basis (see, Matter of Scanlan v Buffalo Pub. School Sys., supra, at 678), we find that the submission of the minutes of BOCES' board meetings during the relevant period establishes BOCES' pattern and practice of making formal appointments of full and part-time employees. Those minutes are devoid of any reference to the appointment of petitioner during such period when other school psychologists were so appointed by BOCES. Considering this omission, coupled with the lack of W-4 forms reflecting petitioner's employment when others were produced for school psychologists employed near the relevant time period, we find the existence of a rational basis to support the denial of petitioner's application due to her status as an independent contractor.

Accordingly, we affirm the judgment of Supreme Court for the reasons stated herein.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We recognize that Supreme Court never reached the issue of petitioner's employment status. As we find the record before us sufficient to make that determination, we will review the merits in the interest of judicial economy.