■ In the Matter of JAMES R. MOORE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [712 NYS2d 179] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 24, 1999 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for parole release.

Petitioner was sentenced in 1963 to life in prison. As the result of a change in the law (*see*, Executive Law § 259-h), he became eligible for parole in 1982. Since that time, petitioner has made several applications for release on parole, all of which have been denied. His most recent application was rejected by respondent after considering, *inter alia*, the violent and heinous nature of his crime involving the strangulation death of a teenage girl and subsequent act of necrophilia committed shortly after being released from probation for another crime involving the molestation of two young girls. Respondent also considered petitioner's educational achievements, postrelease plans and exemplary conduct while in prison in evaluating his application. Following respondent's denial of the application, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition resulting in this appeal.

We affirm. We are unpersuaded by petitioner's claim that his mental health status was the primary factor respondent should have considered in reviewing his application. Respondent is mandated to consider a variety of statutorily prescribed factors in making its determination (*see*, Executive Law § 259-i [1] [a]; [2] [c]; *Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791). Inasmuch as the record reveals that respondent considered relevant statutory factors, its determination will not be disturbed (*see*, *Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183; *Matter of Flecha v Travis*, 246 AD2d 720; *People ex rel. McCormack v New York State Bd. of Parole*, 244 AD2d 673).

Petitioner further contends that the repeal of Correction Law § 230 by the enactment of Executive Law § 259-h constitutes an impermissible ex post facto law. We previously considered that argument and found it to be without merit (*see*, *Matter of Hagan v Coughlin*, 100 AD2d 696). We have examined petitioner's remaining contentions and find them unavailing.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.