■ In the Matter of WILLIAM CREWS, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT BOARD OF PAROLE APPEALS UNIT, et al., Respondents. [720 NYS2d 855] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 31, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of eight years to life for various felony convictions. The Board of Parole denied petitioner's most recent request for parole release after concluding that petitioner's "established pattern of criminality, including convictions of repeated violent crimes such as the instant offense" together with his substance abuse history militate against release. Petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition, prompting this appeal.

We reject petitioner's assertion that the Board violated 9 NYCRR 8002.3 by considering his instant offense and prior criminal history. When the trial court sets the minimum term of imprisonment, the Board is required to balance the factors favorable to petitioner's release against the serious and violent nature of his crimes (*see, Matter of King v New York State Div. of Parole*, 83 NY2d 788; *Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899; *see also*, Executive Law § 259-i [1] [a]; [2] [c]). Although the record establishes petitioner's positive participation in various programs, good institutional record and other achievements while incarcerated, all of which were considered by the Board, "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct" (Executive Law § 259-i [2] [c] [A]). Inasmuch as the record reveals that the Board considered the relevant statutory factors in denying petitioner's request for parole release, the determination will not be disturbed (*see, Matter of Moore v New York State Bd. of Parole*, 274 AD2d 886, *lv dismissed* 95 NY2d

958). Petitioner's remaining contentions, including that the denial of parole release amounted to a resentencing, have been considered and found to be without merit.

Cardona, P. J., Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.