■ In the Matter of LEROY GEAMES, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [726 NYS2d 506] —Appeal from a judgment of the Supreme Court (Keegan, J.), entered February 21, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

Petitioner, serving a sentence of 12½ to 25 years for a conviction of robbery in the first degree, commenced this CPLR article 78 proceeding challenging a determination denying his request for parole release. Supreme Court dismissed the petition as barred by the Statute of Limitations, prompting this appeal.

Respondents now withdraw their timeliness objection inasmuch as the record reveals that the notice of petition, petition and order to show cause were received by the Albany County Clerk within the four-month Statute of Limitations period (see, Matter of Grant v Senkowski, 95 NY2d 605). Rather than remitting, we will consider the merits in the interest of judicial economy since petitioner and respondents address them in their briefs.

We reject petitioner's assertion that the Board of Parole inappropriately considered the underlying offense and his criminal history in denying his request for parole release. In addition to considering petitioner's various institutional achievements, the Board appropriately considered petitioner's underlying offense of robbery at gun point, that he committed that crime while on probation and that he had a history of three other parole violations. Furthermore, the Board was not required to give equal weight to each factor it considered in denying petitioner's parole request (see, Matter of May v New York State Div. of Parole, 273 AD2d 667, 668). Inasmuch as petitioner failed to establish that the Board's determination was affected by irrationality bordering on impropriety, its discretionary determination will not be disturbed (see, id.).

Cardona, P. J., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.