■ In the Matter of JERMEL RICHARDS, Respondent, v BRION TRAVIS, as Chair of the New York State Division of Parole, Appellant. [732 NYS2d 465] —Peters, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 3, 2001 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, who is serving a prison term of 3 to 9 years imposed in 1995 upon his conviction of robbery in the first degree, applied for release on parole and, after conducting an interview at which all relevant facts were discussed, the Board of Parole denied petitioner's request, concluding that there was a reasonable probability that, if released, he would not remain at liberty without violating the law and that his release was incompatible with the welfare and safety of the community. The Board's decision specifically referred to the fact that petitioner was on parole when he committed the robbery at gunpoint that resulted in his current incarceration, as well as the serious nature and circumstances of that offense and the totality of his criminal record. After exhausting his administrative appeal, petitioner commenced this CPLR article 78 proceeding and, finding an insufficiency in the Board's decision, Supreme Court annulled the determination and remitted the matter to the Board for a new hearing.

Initially, we note that the Board's consideration of petitioner's most recent offense and his criminal history was not precluded either by the regulation relied on by petitioner (*see, Matter of Crews v New York State Executive Dept. Bd. of Parole Appeals Unit*, 281 AD2d 672; *Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899) or by the certificate of earned eligibility issued to him (*see, Matter of Fuller v New York State Bd. of Parole*, 284 AD2d 853; *Matter of Barad v New York State Bd. of Parole*, 275 AD2d 856, *lv denied* 96 NY2d 702). Consideration of the fact that petitioner committed the most recent offense while on parole was also appropriate (*see, Matter of Geames v Travis*, 284 AD2d 843; *Matter of Howard v New York State Bd. of Parole*, 270 AD2d 539), for it and the other factors are relevant to the central issues of whether there is a reasonable probability that, if released, petitioner will live and remain at liberty without violating the law and whether his release is compatible with the welfare of society (*see*, Executive Law § 259-i [2] [a]; Correction Law § 805).

The Board's decision contained sufficient detail to inform petitioner of the reasons for the denial of his request for release on parole, as required by Executive Law § 259-i (2) (a) (*see, Matter of Fuller v New York State Bd. of Parole, supra*). Contrary to Supreme Court, we conclude that 9 NYCRR 8001.3 (c) does not impose an additional requirement regarding details to be contained in the Board's decision where, as here, the decision involves the denial of a parole release request and not the imposition of a minimum period of imprisonment (*see, Matter of Abrams v New York State Bd. of Parole*, 88 AD2d 951; *see also*, 9 NYCRR 8002.3 [d]). Petitioner failed to demonstrate that respondent's determination was affected by "a 'showing of irrationality bordering on impropriety'" (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77) and, therefore, there was no basis to disturb the Board's discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Fuller v New York State Bd. of Parole, supra*).

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.