■ In the Matter of ERVIN DAVIS, Respondent, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Appellant. [739 NYS2d 300] —Peters, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 9, 2001 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner commenced this CPLR article 78 proceeding to challenge the denial of his request for release to parole supervision. Based upon the failure of the Board of Parole to provide the detailed reasons required by 9 NYCRR 8001.3 (c) for exceeding the guideline time range established by 9 NYCRR 8001.3 (b) (3), Supreme Court granted the petition to the extent of directing respondent to provide petitioner with a de novo hearing. Respondent appeals.

In a case decided subsequent to Supreme Court's decision, this Court held "that 9 NYCRR 8001.3 (c) does not impose an additional requirement regarding the details to be contained in the Board's decision where, as here, the decision involves the denial of a parole release request and not the imposition of a minimum period of imprisonment" (*Matter of Richards v Travis*, 288 AD2d 604, 605). The Board's determination herein contained sufficient detail to inform petitioner of the reasons for the denial of his request for parole release, as required by Executive Law § 259-i (2) (a) and, therefore, no further detail was required (*see, Matter of Richards v Travis, supra*). In addition, the record establishes that the Board was aware of the relevant guideline time range. Inasmuch as we agree with Supreme Court's conclusion that the record did not demonstrate the Board's failure to consider all relevant statutory factors, there is no other basis to disturb the determination (*see, e.g., Matter of Crews v New York State Exec. Dept. Bd. of Parole Appeals Unit*, 281 AD2d 672). Accordingly, the judgment must be reversed.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.