■ In the Matter of JAMES OEFELEIN, Appellant, v TOWN OF THOMPSON PLANNING BOARD et al., Respondents. [780 NYS2d 406]—

Mercure, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered August 19, 2003 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's lack of standing.

Respondent Stephen Conklin agreed to sell property on

Swinging Bridge Lake in Sullivan County to respondent Camp Shane, Inc. (hereinafter the camp) and the camp's owner, respondent David Ettenberg. The camp submitted an application to respondent Town of Thompson Planning Board (hereinafter the Board) seeking site plan approval for the construction of a pavilion on the property. Petitioner, who owns property immediately adjacent to the parcel at issue, opposed the application. The Board approved the camp's application and petitioner commenced this CPLR article 78 proceeding challenging that approval. Supreme Court dismissed the petition, concluding that petitioner lacked standing to challenge the Board's decision. Petitioner now appeals.

To establish standing to challenge an agency's land use determination, a petitioner must demonstrate that he or she has suffered "direct harm . . . that is in some way different from that of the public at large" and that the injury "falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773, 774 [1991]; *see Matter of Colella v Board of Assessors of County of Nassau,* 95 NY2d 401, 409-410 [2000]; *Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 84 NY2d 287, 295-296 [1994]; *see also New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207, 211 [2004]). Inasmuch as petitioner is an adjoining landowner, he is presumed to have suffered an injury-in-fact without the necessity of showing special damage (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 415-416 [1987]; *Matter of O'Donnell v Town of Schoharie,* 291 AD2d 739, 740-741 [2002]).

We conclude, however, that the primary injury asserted by petitioner—that the pavilion would interfere with a sewer easement that he allegedly possesses—does not fall within the zone of interests of the applicable zoning laws because it is personal in nature. In any event, the record demonstrates that the sewer easement has been abolished by court order and the Department of Health does not permit its use. Thus, petitioner's assertions in this regard fail to provide a basis for standing (*see Matter of Brighton Residents Against Violence to Children v MW Props.,* 304 AD2d 53, 57-58 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown,* 280 AD2d 548, 550 [2001], *lv denied* 96 NY2d 716 [2001]). Petitioner's contention that his property value will be diminished because the Board allegedly authorized a nonpermitted use in a restricted zone, however, does fall within the zone

of interests of the zoning regulations and, therefore, confers standing (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town ·of N. Hempstead, supra* at 415-416). Nevertheless, turning to the merits, we conclude that petitioner's contention is unavailing.[1]

Petitioner asserts that a pavilion to be used in connection with water sports is not a permitted use in the Town's NC Neighborhood Commercial District, in which retail and service stores, among other things, are allowed. The parties indicate that the zoning regulations do not define "retail and service" and, thus, we look to the ordinary meaning of those terms (*see Matter of McGrath v Town Bd. of Town of N. Greenbush,* 254 AD2d 614, 619 [1998], *lv denied* 93 NY2d 803 [1999]). Service is defined as, among other things, "the· providing . . . of accommodation and activities required by the public" (Random House Webster's Unabridged Dictionary 1750 [2d ed 2001]). The pavilion at issue is to be used in connection with the camp's business of providing overweight children a program for weight loss and health improvement, including aquatic and water sports. Inasmuch as the camp's operations fall within the definition of "service," it cannot be said that the Board's conclusion that the pavilion is a permitted use is unreasonable or irrational (*see Matter of McGrath v Town Bd. of Town of N. Greenbush, supra*).

We have considered petitioner's remaining arguments and conclude that they are either unpreserved for our review, unsupported by the record or otherwise without merit.

Cardona, P.J., and Carpinello, J., concur.

Kane, J. (concurring in part and dissenting in part). I concur that petitioner has standing in this matter, and that the conclusion of respondent Town of Thompson Planning Board (hereinafter the Board) that the camp's proposal is a permitted use is not irrational. I cannot agree, however, with the majority's assertion that some of petitioner's remaining arguments are unpreserved for our review. While issues are not preserved for judicial review if the complaining party failed to raise them at the administrative level (*see Matter of Gilchrist v Town of Lake George Planning Bd.,* 255 AD2d 791, 791-792 [1998]), there is a factual dispute as to whether petitioner raised certain issues

---

**1.** Although Supreme Court dismissed the petition on the ground that petitioner lacked standing, we will consider the merits in the interest of judicial economy inasmuch as the parties have addressed the issues in their briefs and the record is sufficient to make a determination (*see Matter of Geames v Travis,* 284 AD2d 843, 843 [2001], *appeal dismissed* 97 NY2d 639 [2001]; *Matter of Roesch v Board of Educ. for Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 259 AD2d 900, 902 n [1999]).

before the Board. Although respondents claim that petitioner failed to raise many of the issues he now asserts, the Board did not keep stenographic transcripts but merely kept abbreviated minutes of meetings[2] and failed to file a certified transcript of the records of its proceedings (*see* CPLR 7804 [e]). Considering petitioner's assertion that those minutes fail to fully convey all the issues that he raised at the Board's various meetings, the matter must be remitted to Supreme Court for a hearing to determine whether any of these issues were raised before the Board and, if so properly preserved for review, the court must then determine whether the Board acted in an arbitrary, capricious or illegal manner by granting site plan approval despite being aware of those issues (*see Matter of Sheer Pleasure Lingerie v Town of Colonie Planning Bd.*, 251 AD2d 859, 861-862 [1998]). Based on this insufficient record and the factual questions raised regarding which issues were properly preserved for review, the matter must be remitted for further proceedings. Ordered that the judgment is affirmed, without costs.

---

2. Copies of the minutes of some meetings were attached to the petition.