Joseph PAUNETTO, Plaintiff,

v.

Edward HAMMOCK, Chairman of N.Y.S. Board of Parole, Defendants.

81 Civ. 387 (MEL).

United States District Court, S. D. New York.

July 10, 1981.

Joseph Paunetto, pro se.

Robert Abrams, Atty. Gen., State of New York, New York City, for defendant; Richard A. Lurye, Asst. Atty. Gen., Forest Hills, N. Y., of counsel.

LASKER, District Judge.

In 1976, Joseph Paunetto was convicted of criminal possession of a firearm in the second degree and sentenced to an indeterminate term of incarceration of from three and one-half to seven years. Paunetto applied for parole in August, 1980 and it was denied. The New York Parole Appeals Unit granted Paunetto a new initial parole appearance on the ground that the parole board had improperly considered a murder indictment which had been dismissed and the records sealed. On December 9, 1980, Paunetto appeared before a new panel of the parole board, which also denied his application. In this suit, brought under 42 U.S.C. § 1983, Paunetto complains that 1) the parole board's actions denied him his due process rights by failing to articulate its reasons for concluding that Paunetto's crime involved an unarmed victim rather than an armed victim as Paunetto claimed and by failing to consider other relevant factors besides the seriousness of the crime and 2) the parole board's utilization of parole guidelines established after his sentence violated the *ex post facto* clause. The defendants move for summary judgment and Paunetto moves for default judgment as to Chairman Hammock.

■ Defendants' motion for summary judgment is granted. In *Boothe v. Hammock*, 605 F.2d 661 (2d Cir. 1979), it was held that the New York Parole Statute, New York Executive Law § 259–i, does not create an entitlement to release on parole

and therefore does not create interests entitled to due process protection under *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Accordingly, Paunetto's allegations concerning the New York Parole boards procedures do not state a claim for a violation of his due process rights.

Nor has Paunetto stated a claim under the *ex post facto* clause. That clause "forbids the Congress and the States from enacting any law 'which imposes a punishment for an act which is not punishable at the time it was committed, or imposes additional punishment to that then prescribed.'" *Weaver v. Graham,* —— U.S. ——, ——, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981), *quoting Cummings v. Missouri,* 4 Wall. 277, 325–26, 18 L.Ed. 356 (1867). Paunetto appears to complain that the new parole guidelines established a scoring system and a guideline range which may have affected the decision whether he should be granted parole. These new guidelines, however, merely curb the discretion of the parole board which preexisted their enactment, *see Boothe v. Hammock, supra* at 664. They do not impose additional punishment by changing the substantive criteria for the parole board's decision. *Cf. Shepard v. Taylor,* 556 F.2d 648 (2d Cir. 1977) (change in parole standards to permit consideration of the severity of the offense violates *ex post facto* clause). In contrast to the issue in *Shepard,* Paunetto does not allege that the primary factor relied on by the parole board in denying his application, the seriousness of the offense, was not a permissible parole consideration at the time of his sentence. Unlike the change in parole standards at issue in *Shepard,* the enactment of the scoring system and guideline range serve to encourage objectivity and accountability on the part of the parole board rather than to introduce new, punitive parole criteria. Accordingly, they do not impose additional punishment and their application to Paunetto does not violate the *ex post facto* clause.

Paunetto's motion for default judgment as to Chairman Hammock rests on the proposition that Hammock defaulted because he neither answered the complaint nor joined in this motion. However, counsel's motion papers state that the motion was made on behalf of all defendants. (Motion for Summary Judgment, ¶ 1). Accordingly, Hammock has not defaulted and Paunetto's motion as to Chairman Hammock is unmeritorious.

Defendants' motion for summary judgment is granted and Paunetto's motion for default judgment as to Hammock is denied.

It is so ordered.