(July 24, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LLOYD LEWIS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 17, 1983, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree.

On February 10, 1983, a Grand Jury indicted defendant for murder in the second degree (felony murder), murder in the second degree (intentional murder) and robbery in the first degree. The charges arose out of the robbery and shooting death of Lawrence Vinci, a taxicab driver, on September 10, 1980 in the Town of Maine, Broome County. In late 1981, police authorities became aware of the possible participation

of defendant in these crimes. Defendant was then questioned in December 1981 on two occasions and gave information and statements to the police authorities. He was again questioned on January 14, 1983 after police had acquired a .22-caliber revolver identified as the murder weapon. Defendant made further oral admissions and a videotape of his confession was made. He admitted that he and an uncharged acquaintance, Edward Everitt, decided to rob a taxicab driver to obtain money. Defendant called a cab and went out toward the airport in the cab. Everitt followed behind, driving defendant's car, to provide a getaway. Defendant stated that there came a time on a lonely road when he informed Vinci that this was a stick-up and pointed the gun at the back of Vinci's head. Defendant claims that Vinci then moved his head back against the gun barrel and the revolver "accidentally" went off. Defendant then grabbed Vinci's money bag containing about $50 and was driven away by Everitt. Defendant had originally admitted to only being involved as the driver of the getaway car but, when confronted with further facts, admitted he was the one who had robbed and shot Vinci. Defendant again claimed to only be the driver at a certain point during his confession, then again admitted he was the gunman.

A *Huntley* hearing was held before trial and, after its conclusion, County Court ruled that defendant's admissions and confession were made voluntarily and were admissible into evidence. After a jury trial, defendant was convicted of robbery in the first degree and felony murder. He was acquitted of the intentional murder charge. County Court sentenced defendant to serve 7 to 21 years for the robbery conviction and 20 years to life for the felony murder conviction, with the sentences to run concurrently. This appeal ensued.

The judgment of conviction should be affirmed. Defendant first claims that a false statement of fact and the suggestion by police that the murder of Vinci was an accident created a substantial risk that defendant would incriminate himself, rendering his confession involuntary and inadmissible under CPL 60.45 (2) (b) (i). This claim is without merit. The alleged false statement was that the police had information that Everitt operated defendant's automobile on the night of the murder and robbery. However, the police had Everitt's sworn statement that he was the driver and some verification that the statement was accurate. It cannot be said that the statement was untrue. Moreover, the police had a reasonable basis for believing that it was true.

Defendant's next claim, that his interrogators suggested

that the shooting was an accident and thereby induced his confession by impliedly indicating to defendant that he could not be charged with intentional murder if he confessed, is refuted by the record. Defendant, in his videotaped confession, stated that his wife, in a discussion he had with her on the night of the incident, was the one who said to him that the shooting was an accident. Accordingly, County Court properly ruled that the confession was voluntary and that the police officers employed no subterfuge, trickery, promise of leniency or any other improper interrogating techniques in obtaining the confession.

Defendant also argues that the prosecutor changed the theory of the prosecution during summation and that defendant's motion for a mistrial on that ground was improperly denied. This argument is rejected. The theory of the prosecution as set forth in the oral bill of particulars was that defendant was the "gunman" and Everitt was the "wheelman". This theory was adhered to and never changed during the trial. The remarks complained of occurred when the prosecution made a step-by-step analysis of the pattern defendant followed in making admissions. That is, the prosecution showed that defendant would admit a further fact after he was made aware that the police had proof of that fact. The prosecutor's remarks were made to refute defendant's claim that his confession was false. The prosecutor commented that defendant acknowledged his participation in the robbery and in the murder to the extent that he was the driver. Defense counsel then objected and the prosecutor then made a further comment concerning what he thought County Court would charge. Nevertheless, the prosecutor's comments were incidental and did not change the theory of the prosecution's case.

Defendant's next contention, that County Court's jury charge on felony murder was improper, has not been preserved for appellate review since the defense did not request a different charge at trial nor did defense counsel make an objection to the charge as delivered by the court (see, CPL 470.05 [2]; People v Dawson, 50 NY2d 311, 325). Nor are we persuaded to reverse on that ground as an exercise of our discretion in the interest of justice, since the charge delivered by the court correctly explained the elements of felony murder.

Finally, defendant's assertion that the sentence imposed was excessive is rejected. In the absence of a showing of a clear abuse of County Court's discretion as to sentencing or the existence of extraordinary circumstances, this court will

not disturb a sentence imposed by that court (see, People v St. Mary, 55 AD2d 968).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.