■ In the Matter of DEBRA LARRIER, Appellant, v NEW YORK STATE BOARD OF PAROLE APPEALS UNIT et al., Respondents. [723 NYS2d 902] —Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 16, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner has been in prison since 1992 serving a prison sentence of 8⅓ to 25 years after having been convicted upon a plea of guilty of manslaughter in the first degree. The conviction emanates from an incident in which petitioner placed her newborn son in a plastic bag and dropped him down a garbage chute. In May 1999, the Board of Parole denied petitioner's application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that the Board considered the relevant statutory factors in denying petitioner's request for parole release. The Board is not required to enumerate or give equal weight to each statutory factor (*see, Matter of Charlemagne v State of New York Div. of Parole*, 281 AD2d 669) or to expressly discuss each factor considered (*see, Matter of Rivera v State of New York Executive Dept. Bd. of Parole*, 268 AD2d 928). Moreover, an application for parole release shall not be granted merely as a reward for petitioner's good conduct or achievements while incarcerated (*see, Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899; *see also*, Executive Law § 259-i [2] [c] ), and the Board's emphasis on the serious nature of petitioner's crime does not demonstrate that the determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77). Accordingly, we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Felder v Travis*, 278 AD2d 570).

Cardona, P. J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.