■ In the Matter of JOHN L. LEWIS, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [780 NYS2d 243]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered October 27, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1983, petitioner was convicted of the crimes of murder in the second degree and robbery in the first degree and was sentenced to a prison term of 20 years to life and 7 to 21 years,

respectively (*People v Lewis*, 122 AD2d 426 [1986], *lv denied* 68 NY2d 814 [1986]). In November 2002, petitioner made his initial appearance before the Board of Parole and his request for parole release was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the Board's decision. Supreme Court denied the petition and this appeal ensued.

Initially, we reject petitioner's contention that Supreme Court used the wrong standard in reviewing the decision of the Board. A decision of the Board is "deemed a judicial function and shall not be reviewable if done in accordance with law" (Executive Law § 259-i [5]). In order to warrant judicial intervention with a decision of the Board, there must be a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Turning to the Board's decision, petitioner contends that the Board focused only upon the nature of the instant offense and failed to give appropriate consideration to his institutional achievements. It is well settled that the Board is not required to enumerate, give equal weight to or explicitly discuss every factor considered (*see Matter of Larrier v New York State Bd. of Parole Appeals Unit*, 283 AD2d 700 [2001]). Here, a review of the hearing establishes that the Board was aware of petitioner's impressive disciplinary record and achievements while incarcerated—which included acquiring Bachelor's and Master's degrees, becoming a fully ordained minister (which, according to petitioner, he is the first state inmate to be granted that privilege) and multiple achievement certificates—as well as his residency and employment plans upon release. Numerous letters, including one from a correction officer, regarding petitioner's social, educational and vocational progress were also included in petitioner's file for review by the Board. In denying petitioner's request for parole release, however, the Board placed particular emphasis on his instant offense. Although the Board may consider the instant offense in denying parole release (*see Matter of Silmon v Travis, supra* at 476; *see also* Executive Law § 259-i [1] [a]; [2] [c] [A]), here, the Board incorrectly referred to petitioner's conviction as murder in the first degree, when, in fact, petitioner was convicted of murder in the second degree (*see People v Lewis, supra*). Inasmuch as the Board relied on incorrect information in denying petitioner's request for parole release, the judgment must be reversed and a new hearing granted.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to the Board of Parole for further proceedings not inconsistent with this Court's decision.