■ In the Matter of OLIVER DE JESUS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [790 NYS2d 593]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 30, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner parole release.

In 1989, petitioner was convicted upon his guilty plea of murder in the second degree and was sentenced, as a juvenile offender, to a prison term of five years to life. In June 2003, the Board of Parole denied petitioner parole release for the sixth time, basing its determination, in part, on the violent nature of the crime committed and its belief that, if released, petitioner would not be able to live in the community without violating the law. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Finding that petitioner failed to establish that the Board's determination was affected by an error of law, Supreme Court dismissed the petition, prompting this appeal.

A Board determination denying parole release will not be disturbed unless there is a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [citation omitted]; *see Matter of Cox v New York State Div. of Parole*, 11 AD3d 766, 767 [2004], *lv denied* 4 NY3d 703 [2005]; *Matter of Zhang v Travis*, 10 AD3d 828, 829 [2004]). Here, contrary to petitioner's claim, the record reveals that the Board considered the relevant statutory factors, including petitioner's certificate of earned eligibility, his good disciplinary record, his numerous academic and institutional accomplish-

ments and the various letters submitted in support of his release (*see* Executive Law § 259-i [2] [c] [A]). Although the Board's written decision focused primarily on the instant offense, "the Board is not required to enumerate, give equal weight to or explicitly discuss every factor considered" (*Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]; *see Matter of Henderson v New York State Div. of Parole*, 7 AD3d 898, 898 [2004]).

Finally, contrary to petitioner's contention, the Board's decision to not adhere to the advisory juvenile offender guideline time range of 36 to 60 months was not arbitrary and capricious. Similar to those established by 9 NYCRR 8001.3 (*see* Executive Law § 259-c [4]), the juvenile offender guidelines "are intended only as a guide, and are not a substitute for the careful consideration of the many circumstances of each individual case" (9 NYCRR 8001.3 [a]). Accordingly, we find no basis upon which we can disturb the Board's determination denying petitioner parole release.

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.