█ In the Matter of DARLENA HARRIS, Appellant, v CHAIR OF THE DIVISION OF PAROLE, Respondent. [792 NYS2d 735]—

Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered June 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1979, petitioner was convicted of murder in the second degree and felony murder and was sentenced to a prison term of 25 years to life. In September 2003, petitioner made her initial appearance before the Board of Parole and her request for parole release was denied. Following the exhaustion of her administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. A review of the record discloses that the Board considered all relevant factors in denying petitioner's request for parole release. The Board specifically recognized petitioner's numerous accomplishments during her incarceration, successful programming and plans upon release. Nevertheless, the Board

determined that the violent nature of the crime—wherein she stabbed the victim multiple times—together with her lack of insight and remorse therefor, outweighed her positive achievements.

It is well settled that there is no requirement that the Board give equal weight to all the factors (*see Matter of Legette v Travis*, 11 AD3d 849, 850 [2004]) or grant parole merely as a reward for petitioner's good behavior (*see* Executive Law § 259-i [2] [c] [A]; *see also Matter of Morel v Travis*, 278 AD2d 580, 581 [2000], *appeal dismissed and lv denied* 96 NY2d 752 [2001]). Furthermore, the Board appropriately considered petitioner's prior criminal history, which bears directly on her ability to "live and remain at liberty without violating the law" (9 NYCRR 8002.1 [a]). Inasmuch as the record discloses that the Board's determination was made in accordance with relevant statutory factors and was not affected by "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]), further judicial review of the Board's discretionary determination is precluded (*see* Executive Law § 259-i [5]; *see also Matter of McGovern v Travis*, 268 AD2d 924, 924-925 [2000]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Crew, III J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.