■ In the Matter of ATILANO GAMEZ, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [795 NYS2d 397]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered September 27, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a sentence of 8⅓ to 25 years in prison following his 1993 conviction of conspiracy in the second degree stemming from his involvement in a large-scale drug-trafficking operation. Following his reappearance before the Board of Parole, petitioner's request for parole release was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

A review of the record belies petitioner's contention that the Board based its determination solely on his criminal history without consideration of other relevant factors. The parole interview transcript and the parole determination establish that the Board specifically considered not only the instant offense and petitioner's prior drug-related conviction, but his positive programming adjustments, lack of disciplinary infractions and plans upon release. Although the Board emphasized petitioner's criminal conduct and failure to take responsibility for the offense, the Board is not required to give equal weight to or discuss every factor it considered in reaching its determination (see Matter of Little v Travis, 15 AD3d 698 [2005], appeal dismissed 4 NY3d 878 [2005]; Matter of Marcelin v New York State Div. of Parole, 308 AD2d 616 [2003]). Having rendered the discretionary determination after consideration of appropriate statutory factors (see Executive Law § 259-i [2] [c] [A]), and there being no showing that the determination was affected by " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), the determination is not subject to further judicial review (see Executive Law § 259-i [5]; Matter of Padilla v Travis, 274 AD2d 735 [2000]).

Petitioner's remaining contentions, including his claims that he has a protected liberty interest in being released on parole and the determination was influenced by political policy, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.