■ In the Matter of SERGE MOTTI, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [796 NYS2d 441]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 28, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a sentence of 15 years to life following his 1979 conviction of murder in the second degree (two counts) after he shot two women to death during a robbery. Petitioner made his sixth appearance before the Board of Parole on June 10, 2003 and his request for parole release was again denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

It is well settled that a parole determination that complies with relevant statutory factors is not subject to further judicial review absent a "showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *see* Executive Law § 259-i [2] [c] [A]; [5]). Here, the record establishes that the Board considered the relevant statutory factors, including his advanced educational achievements, his good disciplinary record and plans upon release (*see* Executive Law § 259-i [2] [c]), and weighed these factors against petitioner's instant offense. Although the Board placed particular emphasis on the nature of the crime, it also pointed out that petitioner was "not able to adequately explain the motivational factors that would allow [him] to take" a human life, calling into question his ability to remain at liberty without violating the law. In any event, the Board is not required to give equal weight to or specifically discuss every factor it considered in reaching its determination (*see Matter of De Jesus v New York State Div. of Parole*, 16 AD3d 792 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). In view of the foregoing, the Board's determination will not be disturbed. We have reviewed petitioner's remaining contentions, including his equal protection argument, and find them to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.