■ In the Matter of CHARLES FREEMAN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [800 NYS2d 797]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr.,

J.), entered March 9, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent sentences of 25 years to life for his conviction of, among other things, four counts of murder in the second degree stemming from the execution murder of two people during a warehouse robbery. Petitioner commenced this CPLR article 78 proceeding after the Board of Parole denied his request for parole release. Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that he was deprived of due process and a meaningful parole hearing because the Board failed to indicate the areas in which petitioner fell short of qualifying for parole. Initially, as noted by Supreme Court, "Executive Law § 259-i does not create an entitlement to release on parole and therefore does not create interests entitled to due process protection" (*Paunetto v Hammock*, 516 F Supp 1367, 1367-1368 [1981]; *see Barna v Travis*, 239 F3d 169, 170-171 [2001]; *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69 [1980]). Moreover, the record establishes that in denying petitioner's request for parole release, the Board considered all relevant statutory factors, including his institutional achievements and programming, lack of disciplinary charges over the past five years and plans upon release (*see* Executive Law § 259-i). Although the Board placed particular emphasis on the heinous nature of the underlying crimes, it was not required to give equal weight to the statutory factors it considered in reaching its discretionary determination (*see Matter of Valderrama v Travis*, 19 AD3d 904, 905 [2005]; *Matter of De Jesus v New York State Div. of Parole*, 16 AD3d 792 [2005]). Notwithstanding petitioner's contention to the contrary, there is no requirement that the Board provide petitioner with guidelines to improve his chance of securing parole at his next parole appearance. Petitioner's remaining contentions, including that the determination was premised on an alleged executive policy, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.