■ In the Matter of ALVARO A. SANCHEZ, JR., Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [801 NYS2d 423]—

Peters, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 7, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was sentenced to a prison term of 18 years to life upon his conviction of the crimes of murder in the second degree (felony murder) and robbery in the first degree, arising out of his role as the driver in a murder/robbery (*People v Sanchez*, 167 AD2d 489 [1990], *lv denied* 77 NY2d 881 [1991]). In October 2003, petitioner made his first appearance before the Board of Parole. The Board denied petitioner's request for release, prompting him to commence the instant proceeding pursuant to CPLR article 78 seeking review of the Board's determination. Supreme Court dismissed petitioner's application and this appeal ensued.

Petitioner argues that the Board improperly denied his request for parole in that it failed to consider all of the relevant statutory factors and erroneously attributed to him the violent conduct of his codefendants. The Board's decision indicates that it considered the required statutory factors (see Executive Law § 259-i [2] [c] [A]). The Board stated that it reviewed the entire record before it, which included, among other things, letters and certificates demonstrating petitioner's exemplary behavior, participation in institutional programs and educational achievements. The Board also noted petitioner's poor record of compliance with community supervision and his history of drug abuse.

Furthermore, the Board acknowledged the senseless and violent nature of the crime for which petitioner is incarcerated. The Board is not required to discuss, nor give equal weight to, every factor considered by it in reaching its determination (*see Matter of Carter v Dennison*, 19 AD3d 974, 975 [2005]; *Matter of Harris v Chair of Div. of Parole*, 17 AD3d 822, 823 [2005]; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]). Moreover, the nature and severity of the crime for which the parole applicant is incarcerated is an appropriate factor to be considered by the Board in making its determination (*see Matter of Carter v Dennison, supra* at 975; *Matter of Trobiano v State of N.Y. Div. of Parole, supra* at 813).

Notwithstanding petitioner's arguments to the contrary, the Board's decision does not indicate that it misperceived his role in the crime (*cf. Matter of Plevy v Travis*, 17 AD3d 879, 880 [2005]; *Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]). The fact that petitioner did not personally engage in violent conduct during the commission of the crime does not reduce his legal culpability for his participation in the events which led to the death of the victim (*see* Penal Law § 125.25 [3]). Inasmuch as the record reflects that the Board's determination was made in accordance with the statutory requirements and is not the product of " 'irrationality bordering on impropriety,' " further judicial review is precluded (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Carter v Dennison, supra* at 974-975; *Matter of Trobiano v State of N.Y. Div. of Parole, supra* at 812-813).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.