■ In the Matter of Mark Wellman, Appellant, v Robert Dennison, as Chair of the Board of Parole, Respondent. [805 NYS2d 159]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered May 3, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate sentence of 15 years to life following his conviction of eight counts of rape in the first degree and eight counts of sexual abuse in the first degree. Following his second appearance before the Board of Parole and after exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the Board's denial

of his request for parole release and 24-month hold until his next parole hearing. Supreme Court dismissed the petition and we affirm.

We are unpersuaded by petitioner's contention that the Board based its determination solely on the instant offense without proper consideration of other statutory factors. A review of the parole interview transcript and parole determination establishes that the Board considered petitioner's positive educational programming and educational achievements, lack of disciplinary reports and plans upon release. Nevertheless, parole should not be granted simply as a reward for good behavior (see Executive Law § 259-i [2] [c] [A]). Furthermore, although the Board placed particular emphasis on the "deviant and hideous" nature of the offense which involved petitioner and multiple others victimizing a six-year-old child, the nature and severity of the crime is an appropriate factor to consider and there is no requirement that respondent discuss or give equal weight to every factor it considered in reaching its determination (see Matter of Sanchez v Dennison, 21 AD3d 1249 [2005]; Matter of Freeman v New York State Div. of Parole, 21 AD3d 1174 [2005]; Matter of Motti v Travis, 19 AD3d 763 [2005]). Inasmuch as the record reflects that respondent's determination was made in accordance with the statutory requirements and is not the product of " 'irrationality bordering on impropriety,' " further judicial review is precluded (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [2005], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Executive Law § 259-i [2] [c] [A]). Petitioner's remaining contentions, including that the determination was the result of a political policy, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.