■ In the Matter of VALENTIN VASQUEZ, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [812 NYS2d 190]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 9, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

As a result of petitioner's participation in the shooting of his cousin and her husband, petitioner was convicted in April 1985 of two counts of murder in the second degree and one count each of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree. He was sentenced, respectively, to concurrent prison terms of 20 years to life (two terms), 6 to 18 years, 5 to 15 years and 2 to 6 years. In June 2004, petitioner made his initial appearance before the Board of Parole and his request for parole release was denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that the Board based its determination solely on the instant offense to the exclusion of other relevant statutory factors. A review of the parole hearing transcript reveals that the Board considered not only the instant offense, but his participation in various institutional programs, his disciplinary record, remorse for the crime and potential plans upon release. Although the Board emphasized the serious nature of the offense, the Board is not required to give equal weight to or specifically discuss all factors it considered in denying a request for parole release (*see Matter of Wellman v Dennison*, 23 AD3d 974, 974 [2005]; *Matter of Gamez v Dennison*, 18 AD3d 1099, 1099 [2005]). Inasmuch as the record and Board's determination reflect that the denial of petitioner's request for parole release was based upon consideration of relevant statutory factors, and there being no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see* Executive Law § 259-i [2] [c] [A]), the determination is beyond judicial review (*see* Executive Law § 259-i [5]) and will not be disturbed.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.