▮▮ In the Matter of EDWIN BONILLA, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [820 NYS2d 661]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered February 21, 2006, in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request for parole release.

Petitioner was convicted in 1983 of murder in the second degree and robbery in the first degree and was sentenced to concurrent prison terms of 22 years to life and 6 to 18 years, respectively. In October 2004, petitioner made his initial appearance before respondent and his request for parole release was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding seeking to review respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

A review of the record fails to support petitioner's contention that the relevant statutory factors were not considered in denying his request for release on parole. A review of the parole

hearing transcript reveals that in addition to discussing the instant offense, consideration was also given to petitioner's participation in numerous institutional programs and achievements, good disciplinary history, remorse for the crime and plans upon release. Although respondent emphasized petitioner's instant offense, it was not required to give equal weight to or discuss every factor it considered in rendering its determination (see Matter of Vasquez v Dennison, 28 AD3d 908 [2006]; Matter of Prout v Dennison, 26 AD3d 540, 541 [2006]). Inasmuch as the record establishes that the denial of petitioner's request for parole was based upon consideration of relevant statutory factors, and "there is [no] showing of irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; see Executive Law § 259-i [2] [c] [A]), further judicial review is unwarranted (see Executive Law § 259-i [5]). Moreover, we are unpersuaded by petitioner's contention that the determination was predetermined and the parole hearing was not fair and impartial. Petitioner's remaining contentions, including that the denial amounts to a resentencing and that it was the result of a political agenda, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.