■ In the Matter of CARLOS LOZADA, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [826 NYS2d 525]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered June 20, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1975 of murder in the second degree and bribery in the second degree and was sentenced, respectively, to 25 years to life and 3½ to 7 years in prison. In May 2005, he made his fourth appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. Although petitioner filed an administrative appeal, a decision was not rendered within four months. Consequently, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's claim, the fact that the Board placed particular emphasis on the serious nature of petitioner's crimes in denying his request for parole release does not require annulment of its decision. Although the Board must consider the statutory factors set forth in Executive Law § 259-i in making its decision, it need not accord each factor equal weight (*see Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433 [2003]). Here, the Board properly considered not only the serious nature of petitioner's crimes, but also his prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]). There is no merit to petitioner's claim that the denial of parole deprived him of a liberty interest or to the other contentions he raises on appeal (*see Matter of Gamez v Dennison*, 18 AD3d 1099, 1099 [2005]). Inasmuch as the Board's decision does not exhibit " 'ir-

rationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), there is no reason to disturb it.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.