██ In the Matter of JEFFREY GRUNE, Appellant, v BOARD OF PAROLE, Respondent. [838 NYS2d 694]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered October 23, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In August 2003, following his conviction of two counts of driving while intoxicated in the third degree, petitioner was sentenced to concurrent terms of $2^1/3$ to 7 years in prison. In January 2005, he made his first appearance before respondent requesting parole release. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months.* He filed an administrative appeal, which ultimately resulted in the affirmance of respondent's decision, and he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and denied petitioner's subsequent motion for reargument. Petitioner appeals from the judgment dismissing the petition.

Initially, petitioner contends that respondent relied upon erroneous and sealed information regarding his criminal history in denying his request for parole release. In particular, he claims that respondent considered misinformation in his inmate status report that his parole was revoked on August 19, 1985 due to a new conviction. However, while there is some confusion regarding the validity of parole revocation information set forth in the inmate status report, respondent specifically agreed not to consider this in making its decision (*compare Matter of Henry v*

---

* Petitioner obtained an adjournment of his reappearance date until his appeal is decided and is not scheduled to reappear before respondent until July 2007.

*Dennison,* 40 AD3d 1175 [2007]; *Matter of Lewis v Travis,* 9 AD3d 800 [2004]). He further asserts that respondent improperly took into account a 1993 burglary arrest contained in a record sealed by the Division of Criminal Justice Services. Nevertheless, there is nothing in the record to indicate that respondent was even aware of this sealed information. In referencing petitioner's criminal record in its decision, respondent simply noted that it dated back to the 1970s and included convictions for reckless endangerment, criminal possession of a weapon and driving while intoxicated. Accordingly, there is no support for petitioner's contentions.

Petitioner further claims that respondent improperly refused to take into account improprieties that he claimed occurred with respect to his criminal trial. However, to the extent that petitioner's conviction still stands, any such improprieties are irrelevant to respondent's parole release decision. Finally, having thoroughly reviewed the transcript of the parole hearing, we find no merit to petitioner's claim that one of respondent's Commissioners was biased. In sum, respondent considered the appropriate statutory factors set forth in Executive Law § 259-i and its decision does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]). Therefore, we find no reason to disturb it.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.