■ In the Matter of JAMES GARDINER, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [850 NYS2d 722]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered June 11, 2007 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following his 1985 conviction of robbery in the first degree and attempted robbery in the first degree, petitioner was sentenced to concurrent terms of 7½ to 15 years in prison. While incarcerated, he stabbed another inmate to death and was subsequently convicted of manslaughter in the first degree. He was sentenced to 10 to 20 years in prison on this charge, which sentence was to run consecutive to the sentence he was then serving. In June 2006, petitioner made his third appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. Petitioner took an administrative appeal and commenced this CPLR article 78 proceeding when a determination was not rendered within four months. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's claim, the record does not reveal that the Board based its decision solely upon the serious nature of his crimes. The Board also considered other statutory factors set forth in Executive Law § 259-i, including petitioner's prior conviction for robbery in the second degree, prior parole violations, his prison disciplinary record, his program accomplishments and his postrelease plans (*see Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]). The Board was not required to give each factor equal weight and could, as it did, choose to place greater emphasis on the seriousness of petitioner's crimes (*see Matter of Motti v Dennison*, 38 AD3d 1030, 1031 [2007]). Although the record improperly includes arrest information on sealed criminal matters, the Board did not rely on this information and we deem it harmless (*see Matter of Grune v Board of Parole*, 41 AD3d 1014, 1015 [2007]). Petitioner's remaining contentions are unavailing. Insofar as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Cardona, P.J., Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.