In the Matter of EFRAIN A. RODRIGUEZ, Appellant, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [896 NYS2d 693]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 29, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1978, petitioner was convicted of two counts of murder in the second degree and one count of attempted murder in the second degree after fatally shooting one police officer and attempting to shoot another. He is currently serving a prison term of 25 years to life and, in June 2008, petitioner made his fourth appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, the Board denied petitioner's request and ordered him held an additional 24 months. When petitioner did not receive a timely response to his administrative appeal, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. We disagree with petitioner's assertion that the Board based its decision exclusively on the serious nature of his crimes. A review of the record reveals that the Board also considered his program accomplishments, academic achievements, prison disciplinary record and postrelease plans (see Executive Law § 259-i [2] [c] [A]; Matter of Schettino v New York State Div. of Parole, 45 AD3d 1086, 1086 [2007]). The Board was not required to give equal weight to each factor and could, as it did, assign greater emphasis to the serious nature of petitioner's crimes (see Matter of MacKenzie v Dennison, 55 AD3d 1092, 1092-1093 [2008]; Matter of Gardiner v New York State Div. of Parole, 48 AD3d 871, 872 [2008]). There is likewise no merit to petitioner's claim that the denial of parole deprived him of a liberty interest (see Matter of Lozada v New York State Div. of Parole, 36 AD3d 1046, 1046 [2007]; Matter of Gamez v Dennison, 18 AD3d 1099, 1099 [2005]). Petitioner's remaining arguments are similarly unavailing. Accordingly, as the Board's decision does not reflect " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Cardona, P.J., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.