■ In the Matter of CEDRIC YOUNG, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [902 NYS2d 449]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered November 17, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of murder in the second degree for the beating and strangulation of his live-in girlfriend and, in 1979, was sentenced to a prison term of 23 years to life. Seeking parole release, petitioner appeared for the fifth time before the Board of Parole in 2008. At the conclusion of the hearing, the Board denied his request and ordered him held an additional 24 months. After petitioner failed to receive a timely response to his administrative appeal, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record demonstrates that the Board appropriately considered the statutory factors, including the nature of petitioner's crime and prior criminal history, as well as his positive program accomplishments and institutional record, expression of remorse, and his postrelease plans. While the Board emphasized the seriousness of the underlying crime, it

was not obligated to accord equal weight to every relevant factor in rendering its determination (*see Matter of LaSalle v New York State Div. of Parole*, 69 AD3d 1252, 1253 [2010], *lv denied* 14 NY3d 709 [2010]; *Matter of Bonilla v New York State Bd. of Parole*, 32 AD3d 1070, 1071 [2006]). Therefore, as that determination does not demonstrate "irrationality bordering on impropriety," we will not disturb it (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *accord Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]).

Petitioner's remaining arguments, to the extent they are properly before us, have been considered and rejected.

Cardona, P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.