Appeal from a judgment of the Supreme Court (Zwack, J.), entered December 18, 2009 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner is serving concurrent prison sentences of 12½years to life for his conviction of two counts of robbery in the first degree, arising from robbing two victims at gunpoint. In 2008, the Board of Parole denied petitioner’s second request for parole release and ordered him held an additional 24 months, and this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition and petitioner appeals.
*1131 We affirm. The Board appropriately considered the statutory factors, such as the nature of petitioner’s crimes and criminal record—including the fact that a grant of parole in New York would lead not to his release, but rather his beginning a lengthy prison sentence in Connecticut—as well as his positive program accomplishments, academic achievements and improved institutional record. While the Board accorded more weight to the nature and seriousness of the underlying crimes and his criminal history than other relevant factors, it was entitled to do so, and we cannot say that its determination demonstrates “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Rodriguez v Alexander, 71 AD3d 1354, 1354 [2010], lv denied 15 NY3d 703 [2010]). Lastly, petitioner questions the extent to which the Board complied with its internal procedures for documenting the Connecticut warrant, but those procedures “are not promulgated pursuant to an express grant of legislative authority and do not have the force of law” (People ex rel. MacKelvey v New York State Div. of Parole, 138 AD2d 549 [1988], lv denied 72 NY2d 802 [1988]; see Matter of Bratton v New York State Bd. of Parole, 23 AD3d 879, 880 [2005]).
Cardona, P.J., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.