■ In the Matter of LARRY J. COMFORT, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [956 NYS2d 338]—

Malone Jr., J.

The Board's decision whether to grant discretionary release is "deemed a judicial function and shall not be reviewable if done in accordance with the law" (Executive Law § 259-i [5]). "Judicial intervention is warranted only when there is a showing of irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]). Here, the record reveals that the Board, in making its decision, considered the appropriate statutory factors in denying petitioner's parole request (*see* Executive Law § 259-i [2] [c]), including the seriousness of petitioner's crimes, positive educational and program achievements while incarcerated, his exemplary prison disciplinary record and plans after release. However, the Board also specifically noted that it considered the "significant opposition to [petitioner's] release." Apparently, this opposition was in the form of letters that were submitted in response to a solicitation made by the State Troopers Police Benevolent Society, which incorrectly claimed that

petitioner was criminally liable for his brother's shooting of a police officer. Given this misrepresentation regarding petitioner's convictions, and it appearing that the "significant" letters in opposition to petitioner's release were prompted by the erroneous characterization of petitioner's conviction, it was error for the Board to credit those tainted letters.[2] Accordingly, in view of the fact that the Board placed particular emphasis on these letters in denying petitioner's release on parole, the judgment must be reversed and a new hearing granted (*see e.g. Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]).

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondent Board of Parole for further proceedings not inconsistent with this Court's decision.

---

**2.** Although a representative from the Board informed petitioner that any erroneous information would be redacted prior to their submission to the Board, no letters of opposition—redacted or otherwise—were submitted to this Court for review.